## BENJAMIN EMMONS vs. LEVERETT LORD.

The *statute* of 1839, *c.* 373, § 4, determines and limits appeals from the District Court, and that section is not varied by the appealing clause in the twelfth section. The will of the legislature, as expressed in the fourth section, operates in effect as a repeal of all prior legislation inconsistent with it.

If no exception is taken in the District Court to the form of the action, none can be taken in this Court, when brought up by exceptions for other causes.

Where, in consideration of the services of a minor son for a stipulated time, a mechanic entered into a written contract with the father to learn the son a trade, to pay a certain sum, and to board him, and where the minor, while on a visit at his father's house during the time, was taken sick there, the master is liable to the father for the board of the son.

If evidence of a usage in the place where the contract was made, that the master under such circumstances was held to pay for the minor's board during his sickness, be admitted at the trial, it being consistent with the contract, the admission of such usage furnishes no cause for a new trial.

EXCEPTIONS from the Middle District Court, REDINGTON, J. presiding.

This was an action of assumpsit, on an account annexed, for boarding and washing for the plaintiff's son, for the term of three months.

The plaintiff offered a writing signed by the defendant, but not sealed. The defendant objected to the introduction of this paper; but the objection was overruled and the paper was read, as follows. " *Hallowell, August* 20, 1836. Then agreed with *Benjamin Emmons* to take his son *Benjamin* until he is twenty-one years of age, and learn him the shoemakers trade, and give him $15 the first year. $25 the second. $35 the third. $45 the fourth year. — board, washing, and three months schooling. — The first year ends the 8th *May,* 1837." The plaintiff then proved, that his son *Benjamin* was one evening on a visit at his house, and was there suddenly taken so severely sick as to render it unsuitable and unsafe for him to be removed for several weeks to the defendant's house. The claim in this action is for board and washing for the son while thus detained at the plaintiff's house. The son had boarded with the defendant up to the time of the sickness, and after the sickness returned to board with the defendant, where he now continues to live and to board. The plaintiff then offered to prove

that there was a general custom among mechanics for masters to pay the expenses of apprentices, while sick, whether at their parents' house or elsewhere, and whether the apprentices were indented or not. The defendant objected to the introduction of this testimony. The objection was overruled, and the plaintiff introduced several witnesses, who testified relative to such custom, and the defendant then called several witnesses who testified on the same subject. It was proved that the boy was at work with the defendant learning the shoemakers trade, at the time when the written contract was made, and has continued to live with him to the present time, excepting while he was at his father's house.

The Judge instructed the jury, that the paper contract did not of itself, unexplained by custom, impose an obligation upon the defendant to bear the expenses sued for, as it was a mere contract of hiring. But that, as every department of business might have its own usages, of which all, pertaining to the trade, are supposed to be conversant, with reference to which their contracts relative to that business are made, and as nothing is mentioned in the contract as to expenses incurred by the parent in a contingency like this ; the custom among such mechanics may be considered by the jury, not as being conclusive, but as evidence in ascertaining what was the real intent of the parties. That, as the boy had resided and boarded with the defendant, the jury would judge whether, if defendant was bound to support the boy in sickness, it was his privilege to board and support him at his, the defendant's house. That if so, he could not be required to maintain him elsewhere, except by his own consent, or by act of providence. That there was no evidence of such consent, and therefore, that the defendant cannot be charged unless, and for no longer period than the boy was disabled by the act of providence to return to defendant's house with safety. The jury found a verdict for the plaintiff. The defendant claimed a right to appeal on finding sufficient sureties. But the Judge refused to allow the appeal, believing it to be unauthorized by law. The defendant filed exceptions.

*Paine*, for the defendant, contended, that this was not a binding under the statute, but a mere contract of hiring. *Day* v. *Everett*, 7 *Mass. R.* 145. The plaintiff should have brought his action on the contract, and not have declared upon an account annexed

Emmons *v.* Lord.

to his writ. Unless he declared upon it, he could not support his action by the contract. 6 *Conn. R.* 100; 2 *Pick.* 267; 18 *Johns. R.* 169; 1 *Bibb.* 565. Here was no privity of contract. The law will not imply a promise from a stranger to pay the father for the support of his son.

The evidence of usage was improperly admitted. 2 *Sumner,* 377; 9 *Wheat.* 581; 3 *Wash. C. C. R.* 150; 10 *Mass. R.* 26; 12 *Pick.* 107.

The law allows an appeal in all cases originally commenced in the C. C. Pleas or District Court. The statutes of 1826, *c.* 347; 1829, *c.* 444; *st.* 1835, *c.* 165; 1839, *c.* 373, were commented upon, and the conclusion drawn that the right to appeal in all such cases existed.

*Vose,* for the plaintiff, said, that if the objection to the form of action had been made in the District Court, it would have been remedied by an amendment. It is now too late to make it.

The usage was a reasonable, proper and humane one, and the proof of it was properly admitted. 3 *Greenl.* 376; 6 *Greenl.* 154.

The statutes referred to, it was contended, did not authorize the conclusion drawn from them.

The opinion of the Court was drawn up by

WESTON C. J. — Upon examining and comparing the several statutes, to which we have been referred, by the counsel for the defendant, we are satisfied, that an appeal does not lie from the District Court to this Court, in all actions originally commenced in the District Court, as contended for by him. The statute of 1839, *c.* 373, § 4, determines and limits appeals from the District Court. And this cannot be deemed to be varied by the repealing clauses in the twelfth section. The will of the legislature, as expressed in the fourth section, operates in effect as a repeal of all prior legislation, inconsistent with it.

No exception was taken, in the trial below, to the form of the action; and it is a point therefore not open to the defendant.

By the terms of the contract, the board and washing of the plaintiff's son was assumed by the defendant. There is nothing which limits the performance of this duty only to the time, when

the son should remain in the enjoyment of health ; and we perceive no reason why such a condition should be implied. If it was otherwise understood, from a well settled usage, with reference to which the contract might be presumed to have been made, it might perhaps control its construction. But a usage that the charge for board and washing, which is all that is here claimed, should be borne by the defendant is both reasonable in itself, and consistent with the contract. If this could not, by the providence of God, be supplied at the defendant's house, why should he not. furnish it elsewhere ? He undertook to do it for the period limited, and nothing has taken place to relieve him from that obligation. It may deserve consideration, whether the plaintiff had any occasion to resort to proof of usage. But if such a usage existed, which the jury have found, it is consistent with the contract, and not in our judgment liable to any legal objection.

*Exceptions overruled.*